UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MOSES VIRGIL MONTILEAUX, JR., <br><br> Plaintiff, <br><br> vs. <br><br> PENNINGTON COUNTY SHERIFF DEPARTMENT; <br> JAMES ROWENHORST, Jail Commander; <br> JAIL MEDICAL STAFF DEPARTMENT; <br> CAPT. YANTIS, Head of Medical Staff; <br> R.N. LAURIE GOOD, Head R.N. Nurse; <br> STEVEN KLOSK, Medical Staff R.N.; <br> and KEVIN THOM, Pennington County Sheriff,, <br><br> Defendant. | 4:13-CV-05077-KES <br><br><br><br> ORDER GRANTING MOTION <br> FOR SUMMARY JUDGMENT |

Plaintiff, Moses Virgil Montileaux, Jr., filed a complaint under 42 U.S.C. § 1983 on November 5, 2014 while a detainee at the Pennington County Jail. Docket 1. After deposing Montileaux, defendants move for summary judgment. Docket 34. Montileaux did not respond to this motion. For the reasons stated below, defendants' motion for summary judgment is granted, and Montileaux's complaint is dismissed.

## FACTUAL BACKGROUND[1]

While awaiting trial, Montileaux was incarcerated at the Pennington County Jail. Docket 36 at ¶ 2. Montileaux alleges that on January 9, 2013, Steven Klock, an EMT at the Pennington County Jail, delivered medication to him in his cell. *Id.* at ¶¶ 8-11. The pills were crushed and administered to Montileaux in a cup of water. *Id.* at ¶¶ 16-18. There is a dispute as to whether Klock used his bare fingers or a special device to crush Montileaux's pills. *Id.* at ¶¶ 17, 19. Klock suffered a bloody nose while distributing medicine. *Id.* at ¶ 13.

After the incident, Montileaux was worried he caught a disease from exposure to Klock's blood. *Id.* at ¶ 25. This stress caused him to feel sick, and he was unable to digest his food. *Id.* He explained his concern that he had contracted HIV or hepatitis to prison medical staff through the prison kiosk. *Id.* at ¶ 29. Montileaux requested a blood test. *Id.* at ¶ 44. A day or two later, Montileaux was tested for HIV and hepatitis, and both tests came back negative. *Id.* at ¶¶ 45-47. Klock was also tested for both diseases after the incident. *Id.* at ¶ 20. These tests also came back negative. *Id.* at ¶ 21.

On October 23, 2013, Montileaux filed a complaint under 42 U.S.C. § 1983, claiming defendants violated his constitutional rights. Docket 1; Docket 36 at ¶ 3. After deposing Montileaux, defendants moved for summary

---

[1] Because Montileaux did not respond to defendants' motion for summary judgment, the facts are recited as defendants stated them in their statement of undisputed material facts. *See* D.S.D. Civ. LR 56.1.D. (stating that the "material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts").

judgment. Docket 34. They argue that they are entitled to dismissal on the merits of Montileaux's claims, they are entitled to qualified immunity, and claims against the county should be dismissed because Montileaux has not raised a claim of unconstitutional policy or custom. Docket 35 at 10-14.

## LEGAL STANDARD

Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004).

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the facts, and inferences from those facts, in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)); *Helton v. Southland Racing Corp.*, 600 F.3d 954, 957 (8th Cir. 2010) (per curiam). Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Stuart C. Irby Co. v. Tipton*, 796 F.3d 918, 922 (8th Cir. 2015).

The burden is placed on the moving party to establish both the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the movant has met its burden, the

3

nonmoving party may not simply rest on the allegations in the pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *Anderson*, 477 U.S. at 256; Fed. R. Civ. P. 56(e).

The underlying substantive law identifies the facts that are "material" for purposes of a motion for summary judgment. *Anderson*, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice & Procedure § 2725, at 93–95 (3d ed. 1983)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247–48.

Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. Although pro se litigants such as Montileaux are entitled to a liberal construction of their pleadings, Rule 56 remains equally applicable to them. *Quam v. Minnehaha Co. Jail*, 821 F.2d 522, 522 (8th Cir. 1987).

## DISCUSSION

As an initial matter, although Montileaux did not respond to the motion for summary judgment and the court adopts defendants' facts, defendants' motion is not automatically granted. "Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim." *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).

"A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (citing *Alberson v. Norris*, 458 F.3d 762, 765–66 (8th Cir. 2006)). "Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment." *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *but see Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir.2007) (stating "[t]his makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment"). The Eighth Circuit has applied the Eighth Amendment's deliberate-indifference standard to pre-trial detainees' § 1983 claims. *See Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009).

"A prima facie case alleging deliberate indifference requires the inmate-plaintiff to demonstrate that [he] suffered from an objectively serious medical need and the 'prison officials actually knew of but deliberately disregarded' that need." *Popoalii*, 512 F.3d at 499 (quoting Alberson, 458 F.3d at 765–66). "In order to demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a 'mental state akin to criminal recklessness: disregarding a known risk to the inmate's health.'" *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009) (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir.2006).

Even construing the facts, and inferences from those facts, in a light most favorable to Montileaux, his claim fails on the merits. Montileaux does not show the necessary mental state to state a deliberate indifference claim. In his deposition, "Montileaux agreed with the assertion that Klock did not deliberately attempt to infect Montileaux with a blood disease." Docket 36 at ¶ 50. Klock confirmed this. *Id.* at ¶ 51.

When Montileaux was asked to tell defense counsel what happened, he stated that Klock "was unaware that he had a bloody nose." Docket 37-2 at 10: 19-20. He also stated, "[B]y the time it was -- everything was said and done and I took my meds, [Klock] realized that he pretty much contaminated my medicine and I took it." *Id.* at 9-10: 25-3. Klock did not know he had a bloody nose or blood on his fingers when he allegedly got blood on Montileaux's medication. It is impossible that Klock had the necessary mental state.

6

Montileaux was also given constitutionally adequate healthcare after the incident. He requested and received HIV and hepatitis tests, which came back negative. Docket 36 at ¶¶ 45-47. He admitted when deposed that he was not given inadequate healthcare. *Id.* at ¶ 22. When defense counsel asked Montileaux whether he felt "jail staff handled the matter incorrectly after they found out about it after the incident occurred, Montileaux admitted that the jail staff 'pretty much did what they had to do,' and that he was 'not saying [the jail staff] w[as] intentionally putting [Montileaux] in harm's way.' " *Id.* at ¶ 52.

Because of these facts, Montileaux does not show that defendants had "a 'mental state akin to criminal recklessness: disregarding a known risk to [his] health.' " *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009) (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir.2006). Therefore, Montileaux's claim is dismissed on the merits.

Montileaux named Thom and Rowenhorst as defendants because they make, implement, or uphold the policies and procedures of the Pennington County Jail. He also named as defendants the Pennington County Sherriff's Department and the Medical department in the jail. Montileaux may be attempting to state a claim under *Monell*. "[A] plaintiff can pursue a Monell claim under § 1983 by identifying a government entity's policy or custom that caused the plaintiff's injury." *Keefe v. City of Minneapolis*, 785 F.3d 1216, 1227 (8th Cir. 2015). Neither the complaint nor any other filing contains facts that

7

would support a *Monell* claim under § 1983. Therefore, Thom, Rowenhorst, the Pennington County Sherriff's Department, and the jail medical department staff are entitled to judgment in their favor.

Montileaux also names several defendants because they are supervisors, namely Captain Yantis and RN Laurie Good. Docket 1 at 3; Docket 36 at ¶¶ 32, 36, 40 42. "[V]icarious liability is inapplicable to § 1983 suits[.]" *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). A supervisor's liability must be based on his or her own "deliberate indifference or tacit authorization." *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006) (quoting *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994)). The complaint does not allege that any defendant besides Klock were personally indifferent to Montileaux's medical needs. Thus, Captain Yantis and RN Laurie Good are entitled to judgment in their favor.

Alternatively, the Pennington County Jail and the jail medical department are entitled to summary judgment because they are not entities amendable to suit. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). The jail and its departments cannot be sued under § 1983. Therefore, the Pennington County Jail and the medical department are entitled to judgment in their favor.

## CONCLUSION

Defendants move for summary judgment on all of Montileaux's claims. They present evidence, including Montileaux's deposition, in support of their claim. The court accepted defendants' statement of material facts as true because Montileaux did not respond to their motion. Even viewing these facts in the light most favorable to Montileaux, all defendants are entitled to judgment in their favor on all claims.

It is ORDERED

1. Defendants' motion for summary judgment (Docket 34) is granted and judgment on the merits is entered in favor of all defendants.

Dated March 31, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE